857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John LATHEN, Plaintiff-Appellant,
v.
UNITED STATES of America; John Marsh, Secretary of the Army
B. Hudson Berry, Dr.; Rudolf Lawson, Dr.; Hecht,
Dr., Individually and as agents for the
U.S. Army, Defendants-Appellees.
 No. 88-3002.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 27, 1988.
Decided: Sept. 6, 1988.
 
 Darrell F. Brown & Associates, P.A., on brief, for appellant.
 Major William S. Trivette, Office of the Judge Advocate General, on brief, for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Lathen, plaintiff, sued the United States alleging that the failure of Gorgas Army Hospital, located in the Panama Canal Zone, to graduate him from its residency program in orthopedic surgery constituted racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq. Following a bench trial, the district court concluded that the decision to terminate plaintiff's residency prior to his graduation resulted not from racial animus but rather from plaintiff's deficient performance and conduct indicating a lack of integrity throughout his residency. Plaintiff appeals. Because the record contains ample evidence to support the district court's decision, we affirm. We declined to hear oral argument because we concluded that it would not assist the decisional process.
 
 I.
 
 2
 The district court found that throughout the course of Lathen's residency at Gorgas, Lathen's performance rarely if ever exceeded a barely satisfactory level. In fact, at one point during his residency, Lathen was placed on probation as a result of both performance below that expected for his level of training and certain incidents calling Lathen's integrity into question. While Lathen temporarily improved his performance enough to have his superiors Dr. Lawson and Dr. Berry remove him from his probationary status, his subsequent performance failed to demonstrate the requisite level of improvement to justify his graduating. For Dr. Berry, the final straw indicating that Lathen was unfit to be licensed as an orthopedic surgeon was Lathen's failure to treat a nine-year old boy's open fracture as such, treating it instead as a closed fracture at great risk to the boy's life. Dr. Berry testified at trial that Lathen not only treated the wound improperly, but also that Lathen treated the wound as closed without inquiring of a supervisor whether the fracture was, in fact, open.
 
 
 3
 The district court concluded that contrary to Lathen's allegation, his decision to treat the fracture with traction rather than with surgical debridement and surgical reduction, was not a judgment call. Instead, the decision constituted medical error. Moreover, the district court concluded that Lathen knew the fracture was open and nonetheless treated it in an improper and reckless manner. While the timing of Lathen's termination immediately preceding his scheduled graduation was unfortunate, the district court concluded that Lathen's superiors were properly discharging their duties in terminating his residency with less than full credit.
 
 II.
 
 4
 Our review of the record satisfies us that the district court's factual findings are supported by the evidence, as is the court's conclusion that the decision not to graduate Lathen did not result from racial discrimination. We further agree with the district court that the racial slur allegedly attributable to Dr. Berry following Lathen's termination as a resident was impolitic, if made, but it does not constitute the requisite showing that he was not graduated for a discriminatory reason. See Holmes v. Bevilacqua, 794 F.2d 142, 147 (4 Cir.1986) (in banc) ("There must be some evidence that race was a determining factor in the employer's decision.") (emphasis added).
 
 
 5
 AFFIRMED.